UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLIE WATERS** | **CIVIL ACTION** |
| **versus** | **NO. 09-7205** |
| **BURL CAIN, WARDEN** | **SECTION: "D" (6)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an

evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]  Therefore, for the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE AS UNTIMELY**.

BACKGROUND

Petitioner, Charlie Waters,[2] is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On February 6, 1993, he, along with four co-defendants, was convicted of two counts of second degree murder, in violation of LSA-R.S. 14:30.1.[3]  On March 4, 1993, he was sentenced to term of life imprisonment as to each count, sentences to run concurrently and without benefit of parole, probation or suspension of sentence.[4]

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(I)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

[2] Petitioner is sometimes referred to as "Charlie Water" in the state court record.

[3] *State v. Waters*, Case No. 354-161, Div. "B", Orleans Parish Criminal District Court; State Rec. Vol. I, Docket Master entry dated 2/6/93.

[4] State Rec., Vol. I , Docket Master entry dated 3/4/93.

Petitioner and one co-defendant jointly appealed the convictions and sentences and all were affirmed on January 31, 1996.[5] Petitioner's subsequent request for a writ of certiorari to the Louisiana Supreme Court met without success, that court denying relief on June 7, 1996.[6] A post-conviction application (PCR) proceeded through the state court, filed with the district court on February 9, 1999, raising 18 claims for relief.[7] The district court denied relief on May 9, 2000.[8] On May 29, 2000, the state district court granted Waters leave to file a supplemental PCR.[9] After the supplemental PCR was filed, the PCR was denied on June 27, 2000.[10] A request for supervisory review by the appellate court was denied on January 16,

---

[5]*State v. Sutton and Waters*, 666 So.2d 737 (La. App. 4th Cir. 1/31/96)(93-KA-1512).

[6]*State v. Water*, 674 So.2d 980 (La. 6/7/96)(96-K-0551).

[7]The State apparently concedes that Waters was a joint petitioner in this PCR although his name was not specifically listed as a petitioner to the action. See Fed. Rec. Doc. 8, p. 4 n. 5.

[8]See State Rec. Vol. II for a copy of this decision. Both Waters and Sutton are listed in the caption and referred to as petitioners in this decision.

[9]State Rec. Vol. I, docket entry dated 5/29/00.

[10]State Rec. Vol. I, docket entry dated 6/29/00, indicating that on 6/27/00, a judgment was issued denying relief.

2004.[11] The Louisiana Supreme Court subsequently denied petitioner's request for writs on March 11, 2005.[12]

Petitioner apparently had additional post-conviction proceedings heard in the state courts after the Louisiana Supreme Court's March 11, 2005 decision was rendered and the State has outlined some of those proceedings in its procedural history.[13] Suffice it to say that Waters post-conviction proceedings were ultimately unsuccessful and concluded in the state courts on September 4, 2009, when the Louisiana Supreme Court denied supervisory writs in Writ No. 2008-KH-2628, *State ex rel. Waters v. State*, 17 So.3d 957 (La. 9/4/09).

Waters filed the instant federal habeas corpus application with this court on November 4, 2009, signing the petition on or about October 6, 2009. The State, through the Orleans Parish District Attorney's office, filed a response raising the defense that Waters' petition is time-barred from this court's review (Rec. Doc. 8).

---

[11]State Rec. Vol. VI, Writ Denial in 2003-K-2137 dated 1/16/2004.

[12]See State Rec. Vol. VI, for a copy of *State ex rel. Sutton v. State*, 896 So.2d 505 (La. 3/11/05)(2004-KH-0432).

[13]See Rec. Doc. 8, pages 3-5.  The State sometimes considers the filings of petitioner's co-defendant, Sutton, although the court does not find evidence that Sutton and Waters jointly pursued all of their post-conviction proceedings together.  Additionally, it is noted that several parts of the state record are reported to be missing although the records pertinent to this court's analysis are provided in the record submitted by the State.

Objections to the State's response were filed by Waters on March 31, 2010. (Rec. Doc. 11).

## STATUTE OF LIMITATIONS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. See 28 U.S.C. § 2244(d)(1)(A) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, Waters' conviction became final, for federal limitations purposes, 90 days after the June 7, 1996 ruling of the Louisiana Supreme Court denying certiorari, as that is the date when Waters could no longer seek review of the highest state court's decision with the United States Supreme Court. See Sup. Ct. R 13(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S. Ct. 1834, 146 L. Ed.2d 777 (2000).[14] Accordingly, the court finds that Waters' one year limitation period commenced to run on September

---

[14] The enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 was April 24, 1996, prior to the date petitioner's conviction became final. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

6, 1996. Under a plain reading of the statute, Waters' habeas limitation period would expire one year later, on September 6, 1997. Waters did not file the instant action until October 6, 2009.[15] Thus, his challenge to his 1993 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As the previously mentioned procedural history indicates, Waters filed his first state post-conviction application on February 9, 1999, nearly seventeen months after the federal limitations period had lapsed. The filing of a state court post-conviction application following the expiration of the federal limitations period

---

[15]The court gives Waters the benefit of the date he signed his federal habeas application. This October 6, 2009, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Causey v. Cain,* 450 F.3d 601, 604 (5th Cir. 2006); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

"cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Since Waters' state post-conviction proceedings were started after the limitations period had already expired, Waters is not entitled to any statutory tolling and, unless equitable tolling is available, his federal petition must be denied as time-barred.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in "rare and exceptional circumstances". *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief." *Id.* Moreover, the petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Philips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this instance, Waters has filed an Objection to the State's Response (Rec. Doc. 11) in which he makes several arguments against the State's time-bar defense and/or arguably for equitable tolling. First, Waters asserts that he has met the "cause and prejudice" standard so as to avoid application of the federal procedural default doctrine.[16] Petitioner misunderstands the law regarding procedural default as such a doctrine is inapplicable to the issue of whether he has complied with the federal limitations period. This court is not relying on the state court's application of a state procedural rule in denying petitioner's habeas claims. Rather, the court is applying a *federal* time limitations requirement to petitioner's case and finds petitioner has failed to comply with said federal rule. Unlike the procedural default doctrine set forth in *Coleman v. Thompson,* 501 U.S. 722, 748-50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1990), failure to file a federal habeas before the expiration of the federal limitations period cannot be excused with a showing of "cause and prejudice".

Although Waters does not request application of equitable tolling, specifically, his other objection can be liberally construed as a request for equitable tolling. Petitioner claims that his retained attorney, Mr. Jeffery Manciagli from Georgia, filed an application for post-conviction relief on June 4, 1999 in Orleans

---

[16]Rec. Doc. 11 at pp.1-2.

Parish Criminal District Court on his behalf. After receiving a denial of relief from the state district court, petitioner claims his attorney, unfamiliar with Louisiana law, untimely filed an appeal of that post-conviction ruling to the Louisiana Fourth Circuit Court of Appeal. Although the lawyer allegedly informed Waters that he would file a request for an out-of-time appeal, he apparently did not.[17] Petitioner thus claims the limitations period should be tolled since his lawyer was ineffective when he failed to file a timely appeal of the trial court's ruling on post-conviction relief, and, because he was deceived by his lawyer into thinking an out-of-time appeal had been pursued.

The U.S. Fifth Circuit has ruled that ineffective assistance of counsel is irrelevant to the decision of whether to toll the federal limitations period. *U.S. v. Riggs*, 314 F.3d 796 (5th Cir. 2002).[18] "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002). However, an attorney's intentional deceit could warrant equitable tolling if the petitioner can show that he reasonably relied on his attorney's

---

[17]The attorney settled the grievance for the sum of $5,000.00, according to Waters. See Rec. Doc. 11 at p. 5.

[18]Although *Riggs* dealt with the issue of equitable tolling and the limitations for filing a §2255 action, §2254 and §2255 should generally be read in pari materia where they are not obviously inconsistent with each other. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998).

deceptive misrepresentations. U.S. *v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002); *See also, Vineyard v. Dretke,* 125 Fed. Appx. 551 (5th Cir. 2005).

Waters cannot show that his reliance on an intentional misrepresentation by his attorney led him to file his federal petition untimely. The information provided to this court in the exhibits attached to Waters' petition indicates that Attorney Manciagli was not contacted for purposes of attacking Waters' conviction and sentence in post-conviction proceedings until January of 1999.[19] As previously explained in this Report and Recommendation, Waters' one year federal limitations period actually expired on September 6, 1997, approximately sixteen months prior to the time when Attorney Manciagli became involved in petitioner's case. Therefore, although the attorney may have failed to timely file a request for supervisory review of petitioner's state post-conviction denial, this failure did not impact petitioner's ability to file his federal habeas petition in a timely fashion. Thus, petitioner fails to show any circumstances which would justify the equitable tolling of his federal limitations period. This court is barred from reviewing Waters' federal petition under the time limitation requirements set forth in 28 U.S.C. §2244(d)(1) and (2).

---

[19] According to the March 7, 2001 letter from the law firm representing Attorney Manciagli, the attorney first traveled to Angola State Prison to meet with petitioner about his case on January 21, 1999. See Fed. Rec. Doc. Doc. 1-2.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Charlie Waters be **DISMISSED WITH PREJUDICE AS UNTIMELY**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[20]

New Orleans, Louisiana, this 16th day of April, 2010.

                               */s/ Louis Moore, Jr.*
                               **LOUIS MOORE, JR.**
                               **UNITED STATES MAGISTRATE JUDGE**

---

[20] *Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.